# EXHIBIT G

| Federal Communications Commission | DA 14-764 |
|---|---|

**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| Walter Olenick and M. Rae Nadler-Olenick ) | File No.: EB-FIELDSCR-13-00010527 |
| ) | NAL/Acct. No.: 201432540001 |
| Austin, Texas ) | FRN: 0023366628 |

**FORFEITURE ORDER**

Adopted: June 3, 2014                                                                                              Released: June 3, 2014

By the Regional Director, South Central Region, Enforcement Bureau:

**I.    INTRODUCTION**

1.    We impose a penalty of $15,000 against Walter Olenick and M. Rae Nadler-Olenick for operating an unlicensed FM radio station on 90.1 MHz in Austin, Texas. Mr. and Mrs. Olenick do not deny that they operated the unlicensed FM radio station after receipt of a written warning from the Enforcement Bureau that such action was illegal. Instead, Mr. and Mrs. Olenick assert without any support that they are not subject to the jurisdiction of the Commission. We reject these arguments, however, and order Mr. and Mrs. Olenick to pay the monetary penalty.

2.    Specifically, in this Forfeiture Order (Order), we issue a monetary forfeiture in the amount of fifteen thousand dollars ($15,000) to Mr. and Mrs. Olenick for willfully and repeatedly violating Section 301 of the Communications Act of 1934, as amended (Act).[1] The noted violations involved Mr. and Mrs. Olenick's operation of an unlicensed radio transmitter.

**II.   BACKGROUND**

3.    On February 19, 2014, the Enforcement Bureau's Houston Office (Houston Office) issued a Notice of Apparent Liability for Forfeiture (*NAL*) to Mr. and Mrs. Olenick for operating an unlicensed radio transmitter in Austin, Texas.[2] As reflected in the *NAL*, on August 12 and November 19, 2013, agents from the Houston Office determined that an unlicensed radio station was operating on the frequency 90.1 MHz from Mr. and Mrs. Olenick's apartment building in Austin, Texas.[3] The radio signals were emanating from an antenna mounted atop a large tower attached to the apartment building, and cables ran from that antenna into what appeared to be a non-residential room, such as a utility or maintenance room.[4] On September 6, 2013, the Houston Office issued Mr. and Mrs. Olenick a written warning letter, which advised them that the operation of an unlicensed radio station on the frequency 90.1 MHz from their property violated the Act.[5]

---

[1] 47 U.S.C. § 301.

[2] *Walter Olenick and M. Rae Nadler-Olenick*, Notice of Apparent Liability for Forfeiture, 29 FCC Rcd 1658 (Enf. Bur. 2014) (*NAL*). A comprehensive recitation of the facts and history of this case can be found in the *NAL* and is incorporated herein by reference.

[3] *Id.* at 1658–59, paras. 2, 4.

[4] *Id.* at 1658, para. 2.

[5] *Id.* at 1659, para. 3.

Exhibit G

4.      In response to the *NAL*, Mr. and Mrs. Olenick asserted that they had no "commercial nexus" with the Commission and were not subject to the Commission's rules and regulations.[6] Specifically, Mr. and Mrs. Olenick's *NAL Response* stated that they "specifically deny that [they] are fiduciaries to anyone or anything for which any part of Title 47 is now or has ever been part of any trust indenture or agreement."[7] They also admitted to owning the tower[8] and do not deny operating the unlicensed radio station.[9]

### III.   DISCUSSION

5.      The proposed forfeiture amount in this case was assessed in accordance with Section 503(b) of the Act,[10] Section 1.80 of the Commission's rules (Rules),[11] and the *Forfeiture Policy Statement*.[12] In examining Mr. and Mrs. Olenick's *NAL Response*, Section 503(b)(2)(E) of the Act requires that the Commission take into account the nature, circumstances, extent, and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and other such matters as justice may require.[13]

6.      We affirm the *NAL*'s finding that Mr. and Mrs. Olenick violated Section 301 of the Act.[14] Section 301 of the Act states that no person shall use or operate any apparatus for the transmission of energy or communications or signals by radio within the United States.[15] Specifically, Section 301 of the Act prohibits communications "from one place in any State, Territory, or possession of the United States or in the District of Columbia to another place in the same State, Territory, possession, or District," or from one place within a State to another State, except under and in accordance with the Act and with a license granted under the provisions of the Act.[16] Thus, Section 301 of the Act explicitly sets forth the Commission's jurisdiction over all radio transmissions, both interstate and intrastate.[17] It is undisputed that Mr. and Mrs.

---

[6] Letter from Walter and M. Rae Nadler-Olenick to Stephen Lee, Resident Agent, Houston Office, South Central Region, Enforcement Bureau (Mar. 5, 2014) (on file in EB-FIELDSCR-13-00010527) (*NAL Response*).

[7] *Id.* at 5.

[8] Probable Cause Affidavit filed by M. Rae Nadler-Olenick at 2 (rec. Mar. 10, 2014) (on file in EB-FIELDSCR-13-00010527). Mr. and Mrs. Olenick also allege that agents from the Houston Office trespassed on their property. *NAL Response* at 2. However, the agents did not enter the Olenicks' property and were able to determine that radio transmissions were emanating from an antenna mounted on an approximately 50-foot tall tower and observe a coaxial cable running from the antenna into what appeared to be a maintenance room from outside the Olenicks' property.

[9] Mr. and Mrs. Olenick deny any responsibility for any "account" or "FRN" numbers. *NAL Response* at 4. The Enforcement Bureau generated a NAL Account Number for EB-FIELDSCR-13-00010527 for tracking purposes. Similarly, the Enforcement Bureau obtained a FRN for Mr. and Mrs. Olenick to track any forfeiture payments made by them regarding this matter.

[10] 47 U.S.C. § 503(b).

[11] 47 C.F.R. § 1.80.

[12] *The Commission's Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, Report and Order, 12 FCC Rcd 17087 (1997), *recons. denied*, 15 FCC Rcd 303 (1999) (*Forfeiture Policy Statement*).

[13] 47 U.S.C. § 503(b)(2)(E).

[14] *See NAL supra* note 2.

[15] 47 U.S.C. § 301.

[16] *Id.*

[17] *See Joseph Frank Ptak*, Decision, 14 FCC Rcd 9317, 9320, para. 13 (1999) (affirming the Commission's jurisdiction over unauthorized radio transmissions in Texas and all unauthorized intrastate transmissions); *see also U.S. v. Butterfield*, 91 F.Supp.2d 704 (D. Vt. 2000) (holding that all persons who intend to broadcast by radio must

Federal Communications Commission                                    DA 14-764

Olenick operated an unlicensed radio station on the frequency 90.1 MHz from their apartment building in Austin, Texas. Although Mr. and Mrs. Olenick appear to question the Commission's jurisdiction over this matter because they claim that they have no "commercial nexus" with the Commission, Section 301 explicitly sets forth the Commission's jurisdiction over all radio transmissions and does not limit the Commission's authority to situations where a "commercial nexus," however defined, is present. Thus, contrary to the Olenicks' assertion, the Commission does not lack jurisdiction over the use of radio transmitting equipment within the State of Texas. Therefore, based on the evidence before us, we conclude that Mr. and Mrs. Olenick willfully and repeatedly violated Section 301 of the Act by operating radio transmission equipment without the required Commission authorization. We also caution Mr. and Mrs. Olenick that continued unlicensed operations may result in additional sanctions, including higher forfeitures, equipment seizures, and criminal prosecution.

## IV. ORDERING CLAUSES

7. Accordingly, **IT IS ORDERED** that, pursuant to Section 503(b) of the Act, and Sections 0.111, 0.204, 0.311, 0.314, and 1.80(f)(4) of the Rules, Walter Olenick and M. Rae Nadler-Olenick **ARE JOINTLY AND SEVERALLY LIABLE FOR A MONETARY FORFEITURE** in the amount of fifteen thousand dollars ($15,000) for violations of Section 301 of the Act.[18]

8. Payment of the forfeiture shall be made in the manner provided for in Section 1.80 of the Rules within thirty (30) calendar days after the release date of this Order.[19] If the forfeiture is not paid within the period specified, the case may be referred to the U.S. Department of Justice for enforcement of the forfeiture pursuant to Section 504(a) of the Act.[20] Mr. and Mrs. Olenick shall send electronic notification of payment to SCR-Response@fcc.gov on the date said payment is made.

9. The payment must be made by check or similar instrument, wire transfer, or credit card, and must include the NAL/Account Number and FRN referenced above. Regardless of the form of payment, a completed FCC Form 159 (Remittance Advice) must be submitted.[21] When completing the FCC Form 159, enter the Account Number in block number 23A (call sign/other ID) and enter the letters "FORF" in block number 24A (payment type code). Below are additional instructions you should follow based on the form of payment you select:

- Payment by check or money order must be made payable to the order of the Federal Communications Commission. Such payments (along with the completed Form 159) must be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

- Payment by wire transfer must be made to ABA Number 021030004, receiving bank TREAS/NYC, and Account Number 27000001. To complete the wire transfer and ensure appropriate crediting of the wired funds, a completed Form 159 must be faxed to U.S. Bank at (314) 418-4232 on the same business day the wire transfer is initiated.

- Payment by credit card must be made by providing the required credit card information on FCC Form 159 and signing and dating the Form 159 to authorize the credit card payment. The completed Form 159 must then be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000, or sent via overnight mail to U.S. Bank –

---

have an FCC license, whether or not such broadcasts are intended to be interstate or intrastate).

[18] 47 U.S.C. §§ 301, 503(b); 47 C.F.R. §§ 0.111, 0.204, 0.311, 0.314, 1.80(f)(4).

[19] 47 C.F.R. § 1.80.

[20] 47 U.S.C. § 504(a).

[21] An FCC Form 159 and detailed instructions for completing the form may be obtained at http://www.fcc.gov/Forms/Form159/159.pdf.

| Federal Communications Commission | DA 14-764 |
|---|---|

Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.

10. Any request for full payment over time under an installment plan should be sent to: Chief Financial Officer—Financial Operations, Federal Communications Commission, 445 12th Street, S.W., Room 1-A625, Washington, D.C. 20554.[22] If you have questions regarding payment procedures, please contact the Financial Operations Group Help Desk by phone, 1-877-480-3201, or by e-mail, ARINQUIRIES@fcc.gov.

11. **IT IS FURTHER ORDERED** that a copy of this Order shall be sent by both First Class and Certified Mail, Return Receipt Requested, to Walter Olenick and M. Rae Nadler-Olenick at their address of record.

FEDERAL COMMUNICATIONS COMMISSION

Dennis P. Carlton
Regional Director, South Central Region
Enforcement Bureau

---

[22] See 47 C.F.R. § 1.1914.