**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 18-CV-000675-LY** |
| | § | |
| **WALTER OLENICK** | § | |
| | § | |
| **and** | § | |
| | § | |
| **M. RAE NADLER-OLENICK** | § | |
| | § | |
| **Defendants.** | § | |

## RESPONSE AND OBJECTION TO DEFENDANTS' RULE 12 MOTIONS TO DISMSS

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files its response to Respondents' Rule 12 Motions (Docket No. 8) (the "Motion") filed by Defendants Walter Olenick and M. Rae Nadler-Olenick (collectively, "Defendants") and objects to the relief requested in the Motion for the reasons stated herein.  As will be shown, Defendants' motion is without merit and must be denied in its entirety.

## SUMMARY OF ARGUMENT

1.      Defendants filed their Motion requesting that this Court dismiss the Complaint for Recovery of Civil Monetary Forfeiture Penalty Pursuant to 47 U.S.C. § 504(a) (Docket No. 1) (the "Complaint") filed by the United States "for want of subject matter jurisdiction, for want of personal jurisdiction, for failure to state a claim on which relief may be granted, and/or for failure to include indispensable parties."[1]  Motion at p. 64. The United States respectfully submits that the Defendants'

---

[1] Plaintiffs make a number of assertions in support of seemingly legal arguments for the dismissal of the instant suit; however, the vast majority of what is set forth in the Motion stems from the Defendants' assertion that they never

motion is entirely without merit and must be denied. Defendants' Motion is wholly lacking facts and/or applicable legal authority that would justify any of the relief sought.

2.     To the extent Defendants challenge this Courts' subject matter jurisdiction to hear the claims brought by the United States, they are mistaken.  This Court has subject matter jurisdiction to consider claims for violations of 47 U.S.C. § 301, and the rules and regulations promulgated under the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq.*   However, this Court does not have jurisdiction to consider Defendants' challenges to the agency action giving rise to the claims or the constitutionality of the underlying statutes and regulations, which actually comprise the majority of the issues in the Motion.

3.     To the extent Defendants' assert that the United States District Court for the Western District of Texas does not have personal jurisdiction over the Defendants, two individuals residing within the boundaries of the Western District of Texas, they are also completely mistaken.

4.     Although Defendants request dismissal of the Original Complaint under Rule 12(b)(6) alleging that the United States failed to sate a claim upon which relief may be granted, Defendants' allegations do not address whether the Complaint filed by the United States meets the notice pleading requirements of the Federal Rules of Civil Procedure.   Rather, Defendants make numerous allegations regarding the propriety of the actions and/or regulations of the FCC, and claim that the United States failed to prove the allegations set forth in the Complaint.   Such allegations do not support dismissal of the Complaint under Rule 12(b)(6).  The United States properly pled a cause of action under 47 U.S.C. § 301, and the rules and regulations promulgated under the Communications

---

consented to be regulated by the FCC and, thus, are not liable for the monetary forfeiture at issue.  The United States respectfully objects to the Motion as a whole and asserts that there is no supportive legal authority for Defendants' positions set forth therein.  To the extent not directly addressed in this Response, the United States reserves the right to specifically address the Defendants' assertions, claims, etc. and, in the event required by the Court, provide additional briefing as necessary.

Act of 1934, as amended, 47 U.S.C. § 151 *et seq.* for willful and repeated violations of 47 U.S.C. § 301, and the rules and regulations promulgated thereunder for unlawful operation of an unlicensed radio station by Defendants.  The Complaint filed by the United States satisfies the notice pleading requirements of Federal Rule of Civil Procedure 8(a). Accordingly, Defendants' Motion to Dismiss is wholly without merit and must be denied in its entirety.

5.     With respect to the Defendants' assertions that all parties to this matter have not been joined, they are equally mistaken and misguided.  Contrary to the assertions in the Motion, this particular matter is not related to any prior litigation.  There are no other parties required to be joined pursuant to Federal Rule of Civil Procedure 19.

<u>**APPLICABLE LEGAL STANDARDS**</u>

A. <u>Federal Rule of Civil Procedure 12(b)(1)</u>

6.     "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)).  In ruling on a motion to dismiss for lack of subject matter jurisdiction filed under Fed. R. Civ. P. 12(b)(1), the court must take as true all of the factual allegations set forth in the complaint.  Saraw P'ship v. United States, 67 F.3d 567, 569 (5th Cir. 1995).  When subject matter jurisdiction has been challenged by a Rule 12(b)(1) motion to dismiss, the burden for establishing the federal court's jurisdiction is on the party asserting jurisdiction.  Middle South Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986); McDaniel v. United States, 899 F. Supp. 305, 307 (E.D. Tex. 1995), aff'd, 102 F.3d 551 (5th Cir. 1996).

7.     A federal court may dismiss a complaint for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981); see Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).  A facial attack on subject matter jurisdiction requires the court to decide if the plaintiff's complaint has correctly alleged a basis for subject matter jurisdiction. 1995 Venture I, Inc. v. Orange County, Tex., 947 F. Supp. 271, 276 at n. 7 (E.D. Tex. 1996) (citation omitted).  Such an attack is valid if from the face of the pleadings, the court can determine it lacks subject matter jurisdiction.  Id.

B.  Federal Rule of Civil Procedure 12(b)(6)

8.     Pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a claim upon which relief may be granted or the complaint may be dismissed with prejudice as a matter of law. FED. R. CIV. P. 12(b)(6).   When considering a motion to dismiss under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004), *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999), and *Chehardy v. Allstate Indem. Co.*, 522 U.S. 1182, 128 S. Ct. 1231 (2008)).  To withstand a motion under Rule 12(b)(6), the complaint must plead facts that are insufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

9.     Federal Rule of Civil Procedure 8(a)(2) establishes the pleading standard for civil litigation cases and requires a "short plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2).  As a whole, the complaint "must contain either direct or inferential

allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir 1984) (internal quotation marks omitted; emphasis and omission in original)).

10.     When ruling on a Rule 12(b)(6) motion to dismiss, this Court must view the complaint "in the light most favorable to the [United States] and with every doubt resolved in [its] behalf." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 548 (5th Cir. 2005); *see also Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 480 (5th Cir. 2003).   The Court is not required to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp., v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

## ARGUMENT

A.   This Court has personal jurisdiction over Defendants.

11.     Defendants are two individuals residing within the territorial boundaries of the Western District of Texas.  Defendants arguments that they are not liable in the capacity in which they have been sued does not mean that the Court does not have, or cannot take, personal jurisdiction over them.

B.   This Court has subject matter jurisdiction to hear the claims raised in the Complaint.

12.     As set forth in the Complaint, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and 47 U.S.C. § 504(a).  Specifically, 47 U.S.C. § 504(a) provides for "trial de novo" in the district Court in suits for the recovery of forfeiture.

C. <u>Plaintiff's Complaint meets the pleading standard of Rule 8 and sets forth a claim on which relief may be granted.</u>

13.    The Complaint sets forth a plausible claim for violations of 47 U.S.C. § 301, and the rules and regulations promulgated under the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq.*  Section 15.239 of the FCC's Rules prohibits unlicensed broadcasts in the 88–108 MHz band if the transmission strength exceeds 250 microvolts per meter ("µVm") at three meters.  47 C.F.R. § 15.239.  Using direction finding techniques, Defendants were found to be broadcasting on 90.1 MHz at a transmission level over one thousand times greater than the maximum permissible level.

14.    Likewise, the Complaint sets forth sufficient information to outline the elements of the claim(s) for violations of 47 U.S.C. § 301, and the rules and regulations promulgated under the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq.* or permit inferences to be drawn that these elements exist.  Accordingly, the Complaint meets the notice pleading requirements of the Federal Rules of Civil Procedure.  When taken as true and viewed in the light most favorable to the United States, the allegations set forth in the Complaint are sufficient to state a claim that is plausible on its face and, thus, the Complaint is not subject to dismissal under Rule 12(b)(6).

D. <u>This Court does not have jurisdiction to hear the Defendants' constitutional challenges to agency action or the underlying statute and regulations.</u>

15.    Pursuant to 47 U.S.C. § 402(a) and 28 U.S.C. § 2342(1), federal courts of appeals have exclusive jurisdiction over the setting aside of final orders of the FCC.  Moreover, this Court lacks subject matter jurisdiction over any and all claims asserted by Defendants challenging the constitutional or statutory validity of the controlling regulations.  *See United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458 (8th Cir. 2000) ("*Laurel Avenue*") (holding that

the district court has jurisdiction to adjudicate the forfeiture action, but it lacks jurisdiction to decide constitutional challenges to FCC regulations pursuant to the Act); *United States v. Dunifer*, 219 F.3d 1004, 1006–07 (9th Cir. 2000) (determining that the district court lacks jurisdiction to decide constitutional and statutory defenses to a regulation made pursuant to the Act); *see also CE Design, Ltd. V. Prism Business Media, Inc.*, 606 F.3d 443 (7th Cir. 2010) (affirming the district court's denial of jurisdiction to decide the validity of a regulatory defense); *cf. Radar Solutions, Ltd. v. U.S. F.C.C.*, 368 Fed. Appx. 480 (5th Cir. 2010) (declining to decide whether federal district courts have jurisdiction over challenges to the validity of regulations promulgated pursuant to the Act). Accordingly, the Defendants' Motion must be dismissed and/or denied to the extent their argument relies on constitutional challenges to the FCC action giving rise to the forfeiture at issue, and/or and of the underlying statutes or regulations.

E. <u>There are no parties required to be joined Federal Rule of Civil Procedure 19 and dismissal under Federal Rule of Civil Procedure 12(b)(7) is not appropriate.</u>

16. Although Defendants appear to believe otherwise, there simply are no parties required to be joined under Federal Rule of Civil Procedure 19. This is an action for recovery of monetary forfeiture issued against the Defendants. No other party is named in the forfeiture and the United States does not seek relief against any party other than Defendants.

17. Rule 19 requires a party to be joined if (1) the court cannot accord complete relief among existing parties, or (2) the person to be joined claims an interest in the subject of the action and the person's absence impedes the ability of the person to protect that interest or leaving that person out subjects a person to possible multiple obligations because of that interest. Fed. R. Civ. P. 19(a)(1). In this instance, the Court may provide complete relief as between the parties currently named in this suit—the United States seeks to recover a monetary forfeiture from the Defendants.

Furthermore, there is no person claiming an interest in the subject action—the recovery of a monetary forfeiture as against Defendants—whose absence either impedes the ability of that person to protect that interest or subjects that person to multiple obligations.  The only obligation arising out of this suit is that of the Defendants.  The only interest at stake is that of the Defendants.

18.    To the extent Defendants argue that Defendants argue they should have been joined in some prior litigation, they are also mistaken.  The Defendants were not parties required to be joined in prior litigation identified by the Defendants.  Specifically, Defendants were not parties required to be joined in prior litigation concerning the recovery of forfeitures issued against parties other than the Defendants.  Simply put, it would be improper to join any other party in this suit, or to have joined Defendants in any of the prior suits they identified.

## **CONCLUSION**

19.    The United States has properly asserted and established both personal and subject matter jurisdiction in this action and, thus, the instant action is not subject to dismissal pursuant to Rules 12(b)(1) or 12(b)(2).  The Complaint filed by the United States sets forth plausible claims pursuant to 47 U.S.C. § 301, and the rules and regulations promulgated under the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq.* for willful and repeated violations of 47 U.S.C. § 301, and the rules and regulations promulgated thereunder based on Defendants' unlawful operation of an unlicensed radio station.  The Complaint as filed meets the notice pleading requirements of the Federal Rules of Civil Procedure and the Defendants would not be prejudiced in responding to the Complaint.  Accordingly, the Complaint is not subject to dismissal pursuant to Rule 12(b)(6).  There are no parties required to be joined under Federal Rule of Civil Procedure 19 and, thus, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7) is not appropriate.  In short, Defendants' motion is wholly without merit and must be denied in its entirety.

DATE: September 26, 2018     Respectfully submitted,

           JOHN F. BASH
           United States Attorney

     By: */s/ Gary W. Wright*_____
        Gary W. Wright
        Assistant United States Attorney
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas  78216
        Tel. (512) 687-0820
        Fax  (512) 916-5854
        Texas Bar No. 24047145

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via Certified Mail delivery on the 26th day of September, 2018, addressed as follows:

Walter Olenick and
M. Rae Nadler-Olenick
P.O. Box 7486
Austin, TX 78713

Defendants

Walter Olenick and
M. Rae Nadler-Olenick
16216 Stewart Rd.
Austin, TX 78734

Defendants

/s/ *Gary W. Wright*
Gary W. Wright
Assistant United States Attorney