IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| *v.* § | Civil Action No. 18-CV-000675-LY |
| § | |
| **WALTER OLENICK** § | |
| § | |
| **and** § | |
| § | |
| **M. RAE NADLER-OLENICK** § | |
| § | |
| **Defendants.** § | |

### MOTION TO DISMISS RESPONDENTS' ORIGINAL COUNTERCLAIM

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files its Motion to Dismiss Respondents' Original Counterclaim and hereby moves the Court to dismiss with prejudice the Respondents' Original Counterclaim (Docket No. 10) ("Counterclaim") in its entirety under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6). In support of its Motion, the United States respectfully represents as follows.

### SUMMARY

1. The United States respectfully submits that the Counterclaim must be dismissed in its entirety as this Court lacks subject matter jurisdiction to consider any of Defendants alleged claims because there is no applicable waiver of sovereign immunity. Defendants point to no applicable waiver of sovereign immunity to properly assert jurisdiction of this Court over their alleged Counterclaim. Instead, Defendants incorrectly assert that the United States, "as Plaintiff, has waived immunity."

1

2.   Furthermore, Defendants' Counterclaims are a direct challenge of existing laws, regulations and/or FCC decision making giving rise to the action.  Such challenges are within the exclusive jurisdiction of the Federal Courts of Appeals and cannot be raised in a proceeding for the collection of monetary forfeiture.

3.   In addition, or in the alternative, the Defendants' Counterclaim is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Defendants have not set forth in their Counterclaim allegations respecting material elements necessary to establish any right to recovery or a viable legal theory supporting a cognizable claim.  Defendants' claims amount simply to the argument that they do not like the state of the law giving rise to this action and/or what the United States and FCC have done in relation to the enforcement of existing laws and regulations as they apply to Defendants and their conduct.  For these reasons, Defendant's Counterclaim must be dismissed in its entirety with prejudice.

## **PROCEDURAL POSTURE**

4.   On August 10, 2018, the United States initiated this civil proceeding by filing its Complaint For Recovery of Civil Monetary Forfeiture Penalty Pursuant to 47 U.S.C. § 504(a) (Docket No. 1) (the "Complaint") seeking recovery of a monetary forfeiture penalty in the amount of $15,000.00 from Walter Olenick and M. Rae Nadler Olenick (collectively, "Defendants").

5.   On August 23, 2018, Defendants were served with copies of the Complaint and summonses in this case.  *See* returned Executed Summonses at Docket Nos. 8 and 9.

6.   On September 13, 2018, Defendants filed Respondents' Rule 12 Motions (Docket No. 8) (Defendants' Motion to Dismiss") requesting the Court dismiss the instant civil action pursuant to various portions of rule 12 of the Federal Rules of Civil Procedure.

7. On September 26, 2018, the United States filed its Response and Objection to Defendants' Rule 12 Motions to Dismiss (Docket No. 9) ("Response"). The Defendants' Motion to Dismiss and Response are currently pending before this Court.

8. On October 2, 2018, Defendants filed the Counterclaim asserting at seven (7) counter claims against the United States consisting of (a) "frivolous suit," (b) "violation of right not to contract," (c) "violation of right of association," and (d) "violation of right to contract." *See generally* Counterclaim. Defendants request punitive damages against the United States of over $6,000,000.00.

## LEGAL STANDARDS

A. Federal Rule of Civil Procedure 12(b)(1)

9. A federal court may dismiss a complaint for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *see Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). A facial attack on subject matter jurisdiction requires the court to decide if the plaintiff's complaint has correctly alleged a basis for subject matter jurisdiction. *Venture I, Inc. v. Orange County, Tex.*, 947 F.Supp. 271, 276 n. 7 (E.D. Tex. 1996). Such an attack is valid if from the face of the pleadings, the court can determine it lacks subject matter jurisdiction. *Id.*

10. In deciding a Rule 12(b)(1) motion, a federal court may consider the facts in the record, whether disputed or undisputed. *Id.* at 413. However, a Rule 12(b)(1) motion based on evidence in the record—also termed a factual attack—does not accept as true the factual allegations in the live complaint. *Id.* Factual attacks challenge "the existence of subject matter in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered."

*Garcia v. Copenhaver, Bell & Assoc., M.D.'s P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Williamson*, 645 F.2d at 413 (explaining federal court "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction"). Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion is not converted to a summary judgment when a court considers matters outside the complaint. *Williamson*, 645 F.2d at 412. This is true because:

> [A]t issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating the merits of jurisdictional claims.

*Id.* at 413 (quoting with approval *Mortensen,* 549 F.2d at 891 (emphasis added)).

   B.   Federal Rule of Civil Procedure 12(b)(6)

   11.   Pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a claim upon which relief may be granted or the complaint may be dismissed with prejudice as a matter of law. FED. R. CIV. P. 12(b)(6). To withstand a motion under Rule 12(b)(6), the complaint must plead facts that are sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

   12.   Federal Rule of Civil Procedure 8(a)(2) establishes the pleading standard for civil litigation cases and requires a "short plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). As a whole, the complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

13. The Court is not required to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

## ARGUMENT

A. This Court does not have subject matter jurisdiction to hear the claim(s) asserted by the Defendants in the Counterclaim.

14. Defendants' Counterclaim must be dismissed because there is no applicable waiver of sovereign immunity and, thus, the Court does not have subject matter jurisdiction over the claims asserted in the Counterclaim. It is well established that the United States, as sovereign, is immune from suit except to the extent that it consents to be sued, and the terms of any such consent defines the court's jurisdiction to entertain a particular claim or cause of action against the government. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Houston v. U. S. Postal Serv.*, 823 F.2d 896, 898 (5th Cir. 1987). Indeed, "courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (internal quotations omitted).

15. Defendants' sole statement in the Counterclaim as to the subject matter jurisdiction of this Court over the alleged claims asserted in the Counterclaim is "USOA, as Plaintiff, has waived immunity." Counterclaim at pp. 3, 4, 7, 9, 11, 13 and 16. Defendants' statement as to waiver of immunity is legally and factually incorrect. The United States has not waived immunity as to Defendants' alleged claims just by filing the instant action. Defendants do not, and likely cannot, point to any applicable waiver of sovereign immunity by the United States. The United States respectfully submits that no waiver of sovereign immunity exists as to the claims alleged by Defendants in their Counterclaim, therefore, this Court has no jurisdiction over the claims asserted.

16.     To the extent any waiver of immunity actually applies, such waiver does not confer subject matter jurisdiction on this Court.  Pursuant to 47 U.S.C. § 402(a) and 28 U.S.C. § 2342(1), federal courts of appeals have exclusive jurisdiction over statutory or constitutional challenges to underlying rulings in the FCC actions.  A district court, while having limited jurisdiction to hear actions for recovery of forfeiture penalties pursuant to pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and 47 U.S.C. § 504(a) (including the instant action brought by the United States), district courts may not exercise jurisdiction over constitutional or statutory challenges to the FCC actions. In fact, Defendants are precluded from raising such issues as a defense in an action to enforce forfeiture brought before a district court.  *See United States v. Any and All Radio Station Transmission Equip*, 207 F.3d 458, 463 (8th Cir. 2000) ("Laurel Avenue") ("A defensive attack on the FCC regulations is as much an evasion of the exclusive jurisdiction of the Court of Appeals as is a preemptive strike by seeking an injunction."); *cf. FCC v. ITT World Communications, Inc.*, 466 U.S. 463, 468 (1984) (stating that claimants cannot escape the Court of Appeals' jurisdiction by masking their claim in a suit to enjoin the FCC).  In order to challenge a ruling by the FCC, claimants must bring their complaint directly to a federal court of appeals, provided certain prerequisites are met. *Id.*;  *Laurel Avenue*, 207 F.3d at 463.

17.    To the extent the Defendants' Counterclaims constitute challenges to the ruling(s) of the FCC and/or the statutory or constitutional bases for the various FCC rulings and/or regulations, such claims are within the exclusive jurisdiction of federal courts of appeals.  *Laurel Avenue*, 207 F.3d at 463 (8th Cir. 2000).  Defendants cannot wait for an enforcement action regarding the monetary forfeiture penalty, such as the instant action, and proceed to challenge the actions of the FCC in the district court.  Accordingly, this Court has no subject-matter jurisdiction over the claims asserted in the Counterclaim and the Counterclaim must be dismissed in its entirety.

B. Defendants' Counterclaim fails to state a claim upon which relief may be granted.

18. Additionally, or in the alternative, the United States requests that the Counterclaim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. As set forth above, the Counterclaim must contain allegations sufficient to establish the material elements necessary to sustain recovery under some viable legal theory. Defendants' Counterclaim fails entirely to plead facts sufficient to establish a cognizable claim that is plausible on its face.

19. Defendants list seven "claims" in their Counterclaim including: (a) "frivolous suit," (b) "violation of right not to contract" as to both Defendants, (c) "violation of right of association" as to both Defendants, and (d) "violation of right to contract" as to both Defendants. Even if one of the "claims" asserted in the Counterclaim could be interpreted as a cognizable claim, Defendants fail completely to identify any elements of such cause of action or assert allegations sufficient to satisfy any such elements and/or establish a single plausible right to relief.

20. For example, Defendants allegations in the "Frivolous Suit" count of the Counterclaim focus on the assertion that the FCC and/or the United States cannot prove the Defendants' ownership of a frequency. As set forth in detail in the Complaint, the allegations made by the United States involve apparent willful and repeated violation of section 301 of the Act, 47 U.S.C. § 301 by the Defendants, as a result of operating an FM radio station without a license. There's no allegation, and in fact no need to prove, that the Olenicks "own" a particular frequency and Defendants allegations regarding this issue are, at best, immaterial. There is simply no basis, in fact or law, for Defendants' assertion that the instant suit as filed by the United States is frivolous and, more importantly, no allegation in the Counterclaim that would support such a claim.

21. The Defendants' allegations supporting their claims for "Violation of Right not to Contract" amount to a complaint that the United States is enforcing duly enacted laws and regulations as they apply to Defendants and their conduct. Their allegations that they have not consented to be regulated by the FCC and that there exists "no commercial nexus" do not support a claim against the United States. The remaining claims of "Violation of Right of Association" and "Violation of Right to Contract" are based on allegations gleaned from media reports that the United States initiated this action for the purpose of preventing certain programs from being broadcast. Such allegations by Defendants are completely outside Defendants' personal knowledge and, at best, speculative, entirely untrue and unsupportable.

22. None of the allegations set forth in the Counterclaim establish a right to recovery under any viable legal theory. Accordingly, the Counterclaim should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## **CONCLUSION**

23. This Court does not have subject matter jurisdiction to consider the claims set forth in Defendants' Counterclaim because the United States has not waived sovereign immunity as to any of the claims asserted. To the extent any waiver of sovereign immunity does exist, such waiver confers exclusive jurisdiction over such claims to the federal courts of appeals. Accordingly, the Counterclaim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

24. Additionally, or in the alternative, the Counterclaim should be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Wherefore, premises considered, the United States requests that the Court dismiss the Counterclaim in its entirety with prejudice to refiling, and for such other and further relief as the Court deems appropriate.

DATE: October 23, 2018                                      Respectfully submitted,

                                                  JOHN F. BASH
                                                  United States Attorney

                                 By:    /s/ *Gary W. Wright*
                                                  Gary W. Wright
                                                  Assistant United States Attorney
                                                  601 N.W. Loop 410, Suite 600
                                                  San Antonio, Texas  78216
                                                  Tel. (512) 687-0820
                                                  Fax  (512) 916-5854
                                                  Texas Bar No. 24047145

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via Certified Mail delivery on the 23rd day of October, 2018, addressed as follows:


Walter Olenick and
M. Rae Nadler-Olenick
P.O. Box 7486
Austin, TX 78713

Defendants

Walter Olenick and
M. Rae Nadler-Olenick
16216 Stewart Rd.
Austin, TX 78734

Defendants

/s/ *Gary W. Wright*
Gary W. Wright
Assistant United States Attorney