

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

18 OCT 30 PM 1:42
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. AJIT PAI, Chair, FEDERAL COMMUNICATIONS COMMISSION (FCC), a public, charitable trust, and a non-beneficiary, | § | No. 1:18-CV-00675-LY |
| Plaintiff, Counter-Respondent, | § | NO CONSENT TO ARBITRATION |
| v. | § | NO CONSENT TO NON-JUDICIAL DECISION-MAKING INCLUDING MAGISTRATE PARTICIPATION |
| WALTER OLENICK, and M. RAE NADLER-OLENICK, non-fiduciaries, | § | |
| Respondents, Counter-Plaintiffs. | § | |

**MOTION TO STRIKE/WITHDRAW REFERRAL ORDER**

COME NOW WALTER OLENICK and M. RAE NADLER-OLENICK, husband and wife, THE OLENICKS, Respondents/Counter-Plaintiffs, who move as follows:

**Motion to Strike/Withdraw Referral Order**

THE OLENICKS preserve the point by moving that this court strike or withdraw the referral order. *See* attached.

**Discussion**

The silver lining – timing.

On first pass, it's an extremely dark cloud, but it has this silver lining. *This* illegal referral order exists sometime *after* "all" parties have appeared. This is definitely a positive step up from the "at filing" timing applied in prior matters

where this issue also exists.

This difference is ultimately what carries the day in this matter. THE OLENICKS obviously can't participate further in this matter, as detailed below, and they're hesitating regarding disqualification. Respondents/C-ps will "see ya on the flip side," i.e., when this gets remanded for trial on the Counter-claims; they have no realistic expectation that the front line DoJ personnel have a clue what's being communicated, *or* that someone with sufficient reflective ability and critical-analysis abilities will read the whole of this motion. However should DoJ *develop* an understanding, the suitable court documents will, of necessity, be filed, and Respondents/C-ps will (gladly) stand corrected in their initial presumption(s).

Preservation of the objection.

***Timing is irrelevant.***

*Timing* is irrelevant where there's no § 451 signature authority to enter a referral order in the first place. This is a "civil case," and there is no consent.

Regarding the fact that this is a "civil case," the "trial de novo" labeling is, of course, unmitigated non-sense. It's "trial," period. Here's an analogy. When P sues D, where D is someone with the U.S. Government, the process, which is "required," and which is always referred to as the applicable "administrative process," involves sending the demand letter. That's all. That *is* the "administrative process" that must be "exhausted" prior to filing suit (except where, as here, the government "starts it," in which case waiver already exists). There's not one shred of adversarial anything involved. There's certainly no agency fact-finding required

prior to the filing of the suit. There is simply the demand letter. An official response alters timing for filing suit, nothing more. So, a demand letter is the entirety of the "administrative process." No question that there's a precursor "administrative process," but there's also no question that the suits that follow are not "administrative appeals." How could they be? Where's any adversarial process marshalling any facts? There's fact *assertion*, but where's the fact-*finding*?

That analogy ***is*** the FCC "administrative process," namely a demand letter. That's it. That's all. The difference is solely in which party (agency or individual) does the sending. There's not one *shred* of adversarial marshalling of facts, much less any agency fact-finding involved, and there's no Record of any adversarial fact-finding activity. Thus, "administrative process," as a label, is simply *pure* cover story. There is nothing more than, "Here's Notice of our claim against you," which "administrative process" consists solely of a demand letter. That's all; that's it.

By means of their responses, which, while essential for certain defenses, are in no way required, Respondents/C-ps have absolutely refused to consent to being regulated under Sixth Plank policy by anyone or anything, including the FCC. But, even for those who do consent, e.g., those involved in the prior 90.1 FM litigation, there's *still* no adversarial activity or agency fact-finding involved. All that's required is the demand letter. Thus, this is plainly a "civil case."

Regarding non-consent, as plainly stated in the case style of each and every document submitted by Respondents/C-ps, they don't consent. So, referral is not only an illegal order but also one entered without any "subject matter jurisdiction."

***Consent cannot be compelled.***

To include the foundational legal concepts in this context, consent cannot be compelled, as is reconfirmed in each of the following: *Lozman v. Riviera Beach*, 568 U.S. 115, 133 S. Ct. 735, 184 L. Ed. 2d 604 (2013) (floating house owner could not be compelled to consent to being regulated per "transportation" standards, i.e., couldn't be compelled to be a fiduciary); *Horne v. Dep't of Agric.*, __ U.S. __, 135 S. Ct. 2419, 192 L. Ed. 2d 388 (2015) (USDA can't compel consent to what amounts to out-and-out theft of (CALIFORNIA) raisins)); *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 132 S. Ct. 2566, 183 L. Ed. 2d 450 (2012) (*NFIB*) (neither individuals nor STATEs may be compelled to participate in "obama-care"); *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008) (consent cannot be compelled via ordinance to be disarmed, i.e., to waive right of self-defense, in one's own home); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (jurisdiction doesn't flow from fraud, undue influence, or overwhelming bargaining power); FED. R. CIV. P. 8(c) (defenses); TEX. R. CIV. P. 94 (defenses); *Ballard v. Comm'r*, 544 U.S. 40, 125 S. Ct. 1270, 161 L. Ed. 2d 227 (2005) (local rules don't justify (criminal) Due Process violations); § 636(a), (c) ("by consent only"); *Gonzalez v. United States*, 553 U.S. 242, 128 S. Ct. 1765, 170 L. Ed. 2d 616 (May 12, 2008) ("If the parties consent"); *Gamba v. United States*, 553 U.S. 1050, 128 S. Ct. 2472 (Mem.), 171 L. Ed. 2d 764 (2008) (May 19, 2008) (9th Cir. affirmed Mont. trial court, 483 F.3d 942, despite objection to non-consent – **vacated and remanded** per *Gonzalez*); *Reynaga v. Cammisa*, 971 F.2d 414 (9th Cir. 1992)

(*overruling* trial court policy that allowed referral without consent and magistrate participation).

*Compelled* consent is the exact *antithesis* of the very soul of "the State." The coercive environment vitiates the very "evidence" it purports to create. *Ohralik v. Ohio State Bar Assn.*, 436 U.S. 447, 98 S. Ct. 1912, 56 L. Ed. 2d 444 (1978) (addressing coercion specifically engaged by the legal profession); *Bates v. State Bar of Arizona*, 433 U.S. 350, 97 S. Ct. 2691, 53 L. Ed. 2d 810 (1977) (addressing coercion specifically engaged by the legal profession); *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966) (coerced confession is not evidence); *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964) (same); *Felter v. Southern Pacific Co.*, 359 U.S. 326, 79 S. Ct. 847, 3 L. Ed. 2d 854 (1959) (recognizing a statutory right to be free from compelled consent regarding an agreement); 1 PAGE §§ 5.7, 15.11 (coerced will is not evidence); BOGERT § 42 at 434, § 44 at 452 and n.16 (coerced trust is not evidence); *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 15 S. Ct. 673, 39 L.Ed. 759 (1895) (*Pollock I*), 157 U.S. at 553-54 (1st ¶ of opinion) (non-consent by even one beneficiary prevents amendment to trust agreement) (*see also Pollock v. Farmers' Loan and Trust Co.*, 158 U.S. 601, 15 S. Ct. 912, 39 L. Ed. 1108 (1895) (*Pollock II*) (expands upon the original ruling, reiterates the "direct tax" concept, vacates the original ruling, reverses the ruling(s) below, and remands with instructions to grant the relief that the Plaintiff had requested)); *Arnold v. United States*, 544 U.S. 1058, 125 S. Ct. 2527 (Mem), 161 L. Ed. 2d 1107, 73 U.S.L.W. 3623, 73 U.S.L.W. 3690, 73 U.S.L.W. 3693, 2005 Daily J.

D.A.R. 6241 (May 31, 2005) (vacated per *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)) ("evidence" (and never-before-heard-of ***charges***) not presented at trial and not agreed to at sentencing is (are) inadmissible for sentencing); *Lozman* (at the heart of Part IV is the response to the communists among us who want a municipality or STATE agency to have authority to compel their political targets to consent to being regulated – "transportation" is "subjective" in that only the political target may say, by her/his conduct or her/his commercial consent, whether s/he's consenting to being regulated; i.e., the target has the "right (not) to contract" and the "right (not) to exercise a privilege," etc.).

***On top of that, motions to dismiss are dispositive motions.***

Even if Respondents/C-ps *had* consented to pre-trial non-judicial decision-making, a/k/a arbitration, which they haven't, aren't, and won't be, it's also beyond § 451 authority to send a *dispositive* motion to a magistrate, unless and until there's unanimous consent for the magistrate ***also to conduct the trial***. Dispositive motions are tantamount to trial. This isn't a summary judgment motion, but the jurisdictional aspects are identical. Since *dispositive* motions are tantamount to ***trial***, and since there is not only no unanimous consent to arbitration instead of pre-trial but also no unanimous consent for arbitration instead of trial, it follows that this particular referral is doubly (pre-trial and trial) beyond § 451 authority and doubly (pre-trial and trial) risky when it comes to Sedition and rights violations, among a whole *host* of matters arising under Title 18.

So, let's reflect on the obvious and on the subtle.

To set the stage, there's *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 127 S. Ct. 1397, 167 L. Ed. 2d 190 (2007) (final pre-trial order confirmed "non-case"). It took the participation by S.Ct.U.S. in the problem-resolution process to convince the plaintiff that the trial court had found a subtle, but not hidden or obscured, manner of communicating to the plaintiff that the plaintiff had "no case."

Since *pro se* litigants are "never" respected, it's an ***extremely*** sore thumb that gets smashed with a sledgehammer again and again when issues of fundamental rights arise in this type of context. The trial court is literally risking charges of Sedition (using "force," via court order, to alter (overthrow) the judicial Power and branch) in this matter. So, why would a referral order show up, *at all*? Why take that risk? On top of that, with referral *into the teeth* of non-consent, there's an overt violation of the right not to contract / agree / consent (times two) (given that magistrate participation is 100% consent-dependent), on top of an overt denial of access problem (times two) (given that the officer with authority to enter rulings is the § 451 officer, not the § 636 officer), which, itself, is on top of the overt denial of Structural Due Process problem (times two) (given that the present structure doesn't allow compelled consent to arbitration). That doesn't even *begin* to list the additional violations of Title 18. The "why" question reverberates so deafeningly as to be heard clearly and distinctly over a 767 on its take-off roll. On first-pass face value, what the court has done is not only so totally beyond nuts but also so egregiously, facially illegal and so plainly beyond the scope of § 451 authority, (A) to

see what is nothing more than a demand letter process and to treat it as an adversarial fact-finding process, much less (B) to see the overt labeling of "trial de novo" and to treat it as an "administrative appeal," as to motivate calling the *American* fire department to put out the totalitarian "Fahrenheit 451" fire department's fire, which uses "individual rights" as kindling.

After very intense reflection, Respondents find the analogy to *Rockwell Int'l Corp.* quite suitable for the present. DoJ personnel may or may not recall a cigarette ad campaign, in print and on tv, starting in what had to be the '60s, where the brand advocate shows up with a black eye stating that s/he'd rather fight than switch. (Why do so many of us attribute that to "Lucky Strike" instead of "Tareyton?") DoJ is here encountering that part of Austin that will never consent to communist policy where there's one shred of opportunity to avoid it. As with fellow non-consenters, Respondents/C-ps intend to be down right insistent on the point.

Time alone will tell if DoJ "hears" the court the same way Respondents/C-ps do. Given the ***extreme*** risks the court is taking, Respondents/C-ps are certainly open to giving the court's *Rockwell*-esque approach a solid opportunity. Respondents/C-ps, therefore, assert / preserve their objections and await developments.

By necessity, OLENICK participation in this case is now "on hold."

Respondents/C-ps are deliberately in a holding pattern for the duration. Now that a magistrate has been "authorized" to conduct ***trial***, which is so egregiously beyond anything ever even remotely *contemplated* by Respondents/C-ps as to be

immeasurable, and, to be 100% clear, is something that Respondents/C-ps have not consented to, and do not and will never consent to, for Respondents/C-ps to do *anything* other than an overt nothing, with the exception of this type of documentation of their profound objections to the notion of compelled consent, is for them to risk being viewed as consenting. *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1896, 155 L. Ed. 2d 775 (2003). Since a magistrate has been "authorized" to conduct ***trial***, that scope covers every *conceivable* aspect of both pre-trial and trial. Thus, THE OLENICKS have been, effectively, "silenced" for the duration. Except for the non-consent issue, they can't touch *any* issue of *any* type, kind, or nature; so, they won't.

**Request for Relief**

Therefore, THE OLENICKS request that this court strike or withdraw its referral order.

Respectfully submitted,

Walt Olenick

/s/ Walt Olenick
WALTER OLENICK
P.O. Box 7486
Austin, Texas 78713

M. Rae Nadler-Olenick

/s/ M. Rae Nadler-Olenick
M. RAE NADLER-OLENICK
P.O. Box 7486
Austin, Texas 78713

**§ 1746 Declaration – WALTER OLENICK**

Per 28 U.S.C. § 1746, and under the laws of perjury of the United States, I, WALTER OLENICK, depose and declare (or certify, verify or state), that I am at least 21 years of age, in fact, I am more than 65 years of age, that I am competent to make this Affidavit / Declaration, that I have personal knowledge of these facts, and that these facts are true and correct.

The facts asserted in this motion are true and correct.

Neither my wife nor I have ever consented, consent now, or will ever be consenting to magistrate participation for any phase of this matter, whether pre-trial or trial.

Further, Declarant sayeth not.

Executed on this the 30th day of October, 2018

Walt Olenick

/s/ Walt Olenick
WALTER OLENICK, Declarant

**§ 1746 Declaration – M. RAE NADLER-OLENICK**

Per 28 U.S.C. § 1746, and under the laws of perjury of the United States, I, M. RAE NADLER-OLENICK, depose and declare (or certify, verify or state), that I am at least 21 years of age, in fact, I am more than 65 years of age, that I am competent to make this Affidavit / Declaration, that I have personal knowledge of these facts, and that these facts are true and correct.

The facts asserted in this motion are true and correct.

Neither my husband nor I have ever consented, consent now, or will ever be consenting to magistrate participation for any phase of this matter, whether pre-trial or trial.

Attached as Exhibit 5 is a true and correct copy of the referral order that is the subject of this motion.

Further, Declarant sayeth not.

Executed on this the 30th day of October, 2018

M. Rae Nadler-Olenick

/s/ M. Rae Nadler-Olenick
M. RAE NADLER-OLENICK,
Declarant

## CERTIFICATE OF CONFERENCE

By our signatures below, we certify that we've mailed a true and correct copy of this motion, with Ex. 5, to AUSA WRIGHT on Monday, Oct. 22.

It's now Tuesday, Oct. 30, and the response (by mail) is as follows:

(The silence of the crickets.) The motion, presumed opposed, is submitted.

/s/ Walt Olenick
WALTER OLENICK

/s/ M. Rae Nadler-Olenick
M. RAE NADLER-OLENICK

## CERTIFICATE OF SERVICE

By my signature below, I certify that on or about this 30th day of October, 2018, I have served the final version of this motion on the following by Priority Mail or Certified Mail:

GARY W. WRIGHT
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

Also, on or about Oct. 30, 2018, I've served courtesy copies of this motion by email, where possible, or by mail, as follows:

Hon. ORLANDO L. GARCIA, Chief J.
c/o Ms. JEANNETTE CLACK, Clerk
U.S. District Court, W.D. Tex.
655 E. Cesar E. Chavez Blvd., Room G65
San Antonio, TX 78206

Gen. JOHN F. KELLY (USMC, Ret.)
Chief of Staff, Whitehouse
1600 Pennsylvania Avenue, N.W.
Washington, DC 20500

/s/ M. Rae Nadler-Olenick
M. RAE NADLER-OLENICK

Case 1:18-cv-00675-LY Document 11 Filed 10/15/2018 Page 1 of 1

FILED

2018 OCT 15 PM 1:19

CLERK US DISTRICT COURT WESTERN DISTRICT OF TEXAS

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA, PLAINTIFF, § § §
V. § CIVIL NO. A-18-CV-00675-LY
§
WALTER OLENICK AND M.RAE NADLER-OLENICK, DEFENDANTS. § § § §

Ex. 5

**ORDER**

**IT IS HEREBY ORDERED** that Defendants *pro se* Walter Olenick and M. Rac Nadler-Olenick's Respondents' Rule 12 Motions filed September 13, 2018 (Clerk's Document No. 8), Plaintiff Unitcd States's Responsc and Objection to Defendants' Rule 12 Motion to Dismiss filed September 26, 2018 (Clerk's Document No. 9), and any reply that may be filed, are **REFERRED** to United States Magistrate Judge Mark Lane for rcport and recommendation. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72; Loc. R. W. D. Tcx. Appx. C, Rule 1(d).

SIGNED this 15th day of October, 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE