IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| *v.* § | Civil Action No. 18-CV-000675-LY |
| § | |
| **WALTER OLENICK** § | |
| § | |
| **and** § | |
| § | |
| **M. RAE NADLER-OLENICK** § | |
| § | |
| **Defendants.** § | |

## RESPONSE AND OBJECTION TO DEFENDANTS' MOTION TO DISQUALIFY

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files its response and objection to the Motion to Disqualify (Docket No. 16) (the "Motion") filed by Defendants Walter Olenick and M. Rae Nadler-Olenick (collectively, "Defendants") and objects to the relief requested in the Motion for the reasons stated herein. As will be shown, Defendants' Motion is without merit and must be denied in its entirety.

1.   On August 10, 2018, the United States initiated this civil action by filing its Complaint for Recovery of Civil Monetary Forfeiture Penalty Pursuant to 47 U.S.C. § 504(a) (Docket No. 1) (the "Complaint) seeking recovery of $15,000 monetary forfeiture for violations of the Communications Act of 1934, as amended, 47 U.S.C. § 151, *et seq*., by Defendants as set forth in the Complaint.

2.   On August 23, 2018, Defendants were served with copies of the Complaint and summonses in this case. *See* returned Executed Summonses at Docket Nos. 6 and 7.

3. On September 13, 2018, Defendants filed Respondents' Rule 12 Motions (Docket No. 8) requesting that this Court dismiss the Complaint for various reasons under Federal Rule of Civil Procedure 12. The United States filed the United States' Response and Objection to Defendants' Rule 12 Motions (Docket No. 9) (the "Objection") on September 26, 2018.

4. On October 2, 2018, Defendants filed Respondents' Original Counterclaim (Docket No. 10) ("Counterclaim").

5. On October 15, this Court entered an Order (Docket No. 11) (the "First Referral Order") referring Respondents' Rule 12 Motions and the Objection "to United States Magistrate Judge Mark Lane for report and recommendation" pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Local Rule for the Western District of Texas, Appendix C, Rule 1.

6. On October 23, 2018, the United States filed its Motion to Dismiss Respondents' Original Counterclaim (Docket No. 12) (the "Motion to Dismiss Counterclaim") requesting that the Counterclaim be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief may be granted.

7. On October 30, 2018, Defendants filed their Motion to Strike/Withdraw Referral Order (Docket No. 13) (the "Motion to Strike") alleging that the First Referral Order was "illegal" because Defendants have objected to the participation of any magistrate judge in this case and requesting that the Court strike the First Referral Order from the record. *See generally* Motion to Strike.

8. On October 31, 2018, the Court entered an Order (Docket No. 15) (the "Second Referral Order") denying the Motion to Strike, pointing out that the Court is permitted to refer matters to a magistrate for report and recommendation pursuant to applicable law and rules of procedure, and referring the Motion to Dismiss Counterclaim to Magistrate Judge Mark Lane for report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Local Rule for the Western District of Texas, Appendix C, Rule 1.

9. On December 4, 2018, Defendants filed the instant Motion seeking to have United States District Judge Lee Yeakel and any United States magistrate judge participating in the case disqualified because Judge Yeakel referred certain matters to United States Magistrate Judge Mark Lane over their objection. *See generally* Motion.

10. The United States hereby objects to the relief requested in the Motion and requests that the Court deny the Motion in its entirety.

11. The real heart of the Motion and basis for the relief requested is Defendants' misinformed belief that their consent is required for a magistrate judge to participate in these proceedings in any capacity. Accordingly, the United States will limit its response and objection to addressing that very misinformed belief.

12. As the Court rightly pointed out in the First Referral Order, Defendants are misinformed to the extent they believe their consent is required for the Court to refer the various matters subject to the First and Second Referral Orders to a magistrate judge for report and recommendation. *See* First Referral Order. Their belief that their consent is required for any magistrate participation is simply incorrect. 28 U.S.C. § 636(b)(1)(B) provides that a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . ." The plain language of Section 636 (b)(1)(B) clearly limits the participation of the magistrate judge to the submission of proposed findings of fact and recommendations to the district court judge as to the disposition of the matters designated. 28 U.S.C. § 636(b)(1)(B). Section 636(b) further provides

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by

>rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). Nowhere in section 636(b)(1) is there a requirement that the parties consent to the participation of a magistrate or that the referring judge obtain such consent. *See generally* 28 U.S.C. § 363(b)(1). Congress knows how fashion a statute such that consent of the parties is required; however, Congress did not include such a requirement in 28 U.S.C. § 636(b)(1).

13. Unlike Section 636(b)(1)(B), which provides that a matter may be referred to the magistrate for report and recommendation, Section 636(c)(1) actually provides that the magistrate may, with consent of the parties, conduct the entire matter up to and including the entry of final judgment. "Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c)(1). The handling of the entire matter up to and including final judgement as provided in Section 636(c)(1) is very different than the referral of limited matters to the magistrate judge for report and recommendation as in Section 636(b)(1)(B).

14. "A statute should ordinarily be interpreted according to its plain language, unless a clear contrary legislative intent is shown." *United States v. Yeatts*, 639 F.2d 1186, 1189 (5th Cir. 1981) (citing *United States v. Apfelbaum*, 445 U.S. 115, 121 (1980)). Section 636(b)(1)(B) does not require consent based on a plain language reading of the statute. Had Congress intended to require consent for all sections of 28 U.S.C. § 636, language like that of Section 636(c)(1) would have been included in other parts of the statute. Defendants' contention that the consent required by 636(c)(1) means consent is required in all circumstances, even those directly addressed by other statutes not requiring

consent, is nonsensical and renders other statutes either useless or, at least, in conflict with Section 636(c)(1). "Even if two statutes conflict to some degree, they must be read to give effect to each, if that can be done without damage to their sense and purpose, unless there is evidence . . . the legislature intended to repeal the earlier statute and failed to do so expressly." *United States v. Cavada*, 821 F.2d 1046, 1048 (5th Cir. 1987) (citing *Watt v Alaska*, 451 U.S. 267 (1981)).  What is clear from a plain language reading of Section 636 is that Congress intended to allow the district courts leeway to designate certain matters to magistrate judges for report and recommendation, while allowing the parties, by consent, to elect to allow a magistrate judge to handle the entire matter all the way to final judgment.  *See* 28 U.S.C. § 636.

15.    Defendants' desired reading of Sections 636(b)(1)(B) and 636(c) is simply wrong. Because their Motion is entirely premised on their incorrect application of the applicable statute(s), their Motion must be denied in its entirety.

16.    Although there is a great deal more set forth in Defendants' Motion, it amounts to nothing other than fantastical metaphor and whimsy with no relation to factual or legal reality. Defendants have not made any credible allegation supporting disqualification of Judge Yeakel or Judge Lane in the Motion.  Unfortunately, Defendants go on to use their complete misreading and misunderstanding of the statutes to insult Judge Yeakel, and possibly Judge Lane, at length and accuse them of numerous alleged crimes including, but not limited to, conspiracy and sedition. Defendants make numerous accusations and arguments in support of their Motion; however none are supported by applicable legal authority, credible allegation or actual evidence.  As such, the United States cannot address the various and sundry accusations leveled by Defendants at Judges Yeakel and/or Lane except to state that such accusations are completely without basis in fact or law as presented.  To the extent the Court requires, the United States will gladly provide further briefing on

whatever issues the Court sees fit.  The United States reserves the right to respond further as necessary.

17.  Furthermore, the United States respectfully submits that the Motion as presented violates various Federal and Local Rules of Civil Procedure, including, but not limited to Federal Rule of Civil Procedure 11, which requires, *inter alia*, that the papers submitted to the Court are not presented for any improper purpose, such as to harass, that the legal contention(s) set forth therein are warranted by existing law, that the factual allegations have evidentiary support and that factual contentions are warranted on the evidence or at least reasonably based on belief.  The United States respectfully submits that Defendants cannot meet any of the Rule 11 requirements with respect to their Motion.  The Motion also violates Local Rule of Civil Procedure CV-7(d)(3), which limits nondispositive motions to 10 pages.  The Motion is over 30 pages and Defendants did not seek leave of Court to exceed the page limit on nondispositive motions.  Because the motion was not filed in compliance with applicable rules of procedure, the United States submits that the Motion should be entirely struck from the record.

## CONCLUSION

18.  Defendants' Motion and requested relief is based on their completely incorrect reading of the applicable statutes.  Defendants' consent is not required for the Court to refer matters to a magistrate judge as set forth in the First and Second Referral Orders.  Defendants' Motion was not filed in compliance with the Federal and Local Rules of Civil Procedure.  In short, Defendants' Motion is wholly without merit and should be denied in its entirety.

Wherefore, premises considered, the United States respectfully requests that the Court deny the Motion to Disqualify (Docket No. 16) in its entirety and grant such further and other relief as the Court deems appropriate.

DATE: December 14, 2018                    Respectfully submitted,

                JOHN F. BASH
                United States Attorney

          By: /s/ *Gary W. Wright*
              Gary W. Wright
              Assistant United States Attorney
              601 N.W. Loop 410, Suite 600
              San Antonio, Texas  78216
              Tel. (512) 687-0820
              Fax  (512) 916-5854
              Texas Bar No. 24047145

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served via Certified Mail delivery on December 14, 2018, addressed as follows:


Walter Olenick and
M. Rae Nadler-Olenick
P.O. Box 7486
Austin, TX 78713

Defendants

Walter Olenick and
M. Rae Nadler-Olenick
16216 Stewart Rd.
Austin, TX 78734

Defendants


                                                  /s/ *Gary W. Wright*
                                                  Gary W. Wright
                                                  Assistant United States Attorney