IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. A-18-CV-00675-LY |
| | § | |
| WALTER OLENICK AND | § | |
| M.RAE NADLER-OLENICK, | § | |
| DEFENDANTS. | § | |
| | § | |

### ORDER

Before the court in the above styled and numbered action are Defendants *pro se* Walter Olenick and M. Rae Nadler-Olenick's Motion to Disqualify filed December 4, 2018 (Clerk's Document No. 16) and Plaintiff United States's Response and Objection to Defendants' Motion to Disqualify filed December 14, 2018 (Clerk's Document No. 17). The Olenicks filed the motion after the court twice referred matters to the United States Magistrate Judge for report and recommendation. The Olenicks argue that because they have not consented to proceed in this action before a United States Magistrate Judge, this court and any magistrate judge who addresses matters in this action must be disqualified from participating in the case. Specifically the Olenicks, *inter alia*, argue, "[Judge] Yeakel has no jurisdiction to refer anything, must less dispositive issues [to a magistrate judge.]" The United States objects to the Olenicks' request contending that the motion is without merit.

It appears to the court that the Olenicks believe that their consent is required for a magistrate judge to participate in any manner in this action. The Olenicks' belief is unfounded and incorrect. Pursuant to federal law, with regard to a dispositive matter in a case, a district judge may "designate

a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations [to the district judge] for the disposition" of the matters designated. 28 U.S.C. § 636(b)(1)(B). Further, within 14 days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations to the district court. *Id.* at (b)(1). A judge shall make a *de novo* determination of those portions of the magistrate judge's report or specified proposed finding or recommendations to which objection is made. *Id.* A judge may accept, reject, or modify in whole or in part the findings made by the magistrate judge. *Id.* The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

A magistrate judge, upon the consent of all parties, may conduct the entire case, up to and including rendition of a final judgment. *See* 28 U.S.C. § 636(c). A case in which a magistrate judge conducts and presides over all matters in an action is significantly different from a case in which the district court refers discrete matters to the magistrate judge for either report and recommendation or disposition.

Regarding to the court's two referral orders sending matters to the magistrate judge, the Olenicks' consents to those acts were unnecessary. Additionally, should the court determine to refer other matters in this action to the magistrate judge, the Olenicks' consent will also be unnecessary. The court concludes that there is no legal basis for the Olenicks' motion to disqualify. Having considered the motion, the response, the case file and the applicable law,

**IT IS ORDERED** that Defendants *pro se* Walter Olenick and M. Rae Nadler-Olenick's Motion to Disqualify filed December 4, 2018 (Clerk's Document No. 16) is **DENIED**.

SIGNED this __7th__ day of February, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE